IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES GILLISON | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No.  4:25-CV-00251-O |
| | § | |
| PHH MORTGAGE CORPORATION | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 24), to which Plaintiff did not respond. After considering the briefing and relevant case law, Defendant's Motion for Summary Judgment is **GRANTED**.

## I.    BACKGROUND[1]

This suit arises out of Plaintiff Charles Gillison's ("Plaintiff") attempt to prevent foreclosure of his home. Plaintiff obtained a mortgage loan from Defendant PHH Mortgage Corporation secured by a promissory note ("Note") and deed of trust ("Deed of Trust"). Plaintiff asserts that Defendant failed to provide him with proper notice before attempting to foreclose on his home, failed to provide him required mortgage statements after foreclosure was initiated, and failed to provide him with a promised loan modification. Based on these failures, Plaintiff brought claims alleging (1) breach of contract, (2) promissory estoppel, and (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. On October 15, 2025, the Court dismissed Plaintiff's breach of contract with prejudice and his TILA claim without prejudice pursuant to

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from the Defendant's summary judgment briefing.

Defendant's Motion to Dismiss.[2] The Court allowed Plaintiff leave to file an amended complaint regarding his TILA claim.[3] On October 24, 2025, Plaintiff filed an amended complaint stating causes of action for violation of TILA and promissory estoppel. Defendant then moved for summary judgment on January 12, 2026, as to Plaintiff's TILA and promissory estoppel claims. Plaintiff has not responded, and Defendant's Motion is ripe for the Court's review.

## II.      LEGAL STANDARD

Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, 'which are designed to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Where, as here, no response is filed to a motion for summary judgment, the Court may not grant summary judgment by default. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see*

---

[2] *See* Order 8, October 18, 2025, ECF No. 18.
[3] *Id.*

*also Ford–Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006). This is true even where the failure to respond violates a local rule. *United States v. Wilson*, 113 F. App'x 17, 18 (5th Cir. 2004). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The Court may accept the movant's evidence and factual assertions as undisputed. FED. R. CIV. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010) ("When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed . . . .").

The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* If, "under the governing law, there can be but one reasonable conclusion as to the verdict," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

## III.   ANALYSIS

### A.  Violation of TILA

Plaintiff alleges that Defendant violated the Truth in Lending Act, specifically 15 U.S.C. § 1638(f), and its implementing Regulation Z, 12 C.F.R. § 1026.41(a)(2), by failing to provide periodic statements for his loan from "May 2023 through at least March 2025."[4] Section 1638(f)

---

[4] Pl.'s Am. Compl. 4, ECF 19.

of TILA and Section 1026.41 of Regulation Z require a mortgage loan servicer to send a borrower periodic statements for each billing cycle showing: (a) the amount of the principal obligation under the mortgage; (b) the current interest rate in effect for the loan; (c) the date on which the interest rate may next reset or adjust; (d) the amount of any prepayment fee to be charged, if any; (e) a description of any late payment fees; and (f) a telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage. *See* 15 U.S.C. § 1638(f)(1).

Here, Plaintiff has failed to provide any evidence that Defendant did not send the required monthly statements.[5] In fact, Defendant's summary judgment evidence establishes that Defendant did mail monthly mortgage statements to Plaintiff from January 2023 to March 2025.[6] Additionally, Defendant avers through its declaration that Plaintiff "has had online access to the Loan account to view the monthly mortgage statements, but the last time [he] logged into the account was on September 1, 2022."[7] Because Defendant's evidence establishes that it provided Plaintiff with the required statements and Plaintiff has not provided any contradictory evidence, there is no genuine dispute of material fact regarding Plaintiff's TILA claim.

### B. Promissory Estoppel

Plaintiff asserts a promissory estoppel claim based on Defendant's refusal to complete a loan modification.[8] Specifically, Plaintiff alleges that Defendant approved Plaintiff's loan

---

[5] "The general statute of limitations for damages claims under the TILA is one year after the violation." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 700 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir. 2014); *see also* 15 U.S.C. § 1640(e). Plaintiff filed his Original Petition on March 3, 2025. *See* ECF No. 1-1. Therefore, even if Defendant had not provided Plaintiff with the required statements, the one-year statute of limitations bars Plaintiff's claims prior to March 3, 2024.

[6] Def.'s Br. Supp. Mot. Summ. J. 11, ECF No. 25; Def.'s App. Supp. Mot. Summ. J. App. 3, 29–151, ECF No. 25-2.

[7] Def.'s Br. Supp. Mot. Summ. J. 11–12, ECF No. 25; Def.'s App. Supp. Mot. Summ. J. App. 3, ECF No. 25-2.

[8] Pl.'s Am. Compl. 5–6, ECF 19.

modification, sent Plaintiff a modification agreement and new promissory note, and promised to sign the modification documents, but ultimately refused to complete the loan modification because Plaintiff's notary omitted his middle initial in the notary acknowledgement block on the modification agreement.[9] Defendant moves for summary judgment arguing that Plaintiff's loan modification approval was contingent on Plaintiff satisfying certain requirements, which he did not meet.[10]

A claim for promissory estoppel requires "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). To support a finding of promissory estoppel, a promise "must be sufficiently definite." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 305 (Tex. App.—Dallas 2009, no pet.). "A promise must also be more than speculation of future events, a statement of hope, an expression of opinion, an expectation, or an assumption." *Id.*

Here, Plaintiff has not provided evidence that Defendant made a sufficiently definite promise of a loan modification. Rather, Defendant's evidence establishes that final approval of Plaintiff's loan modification was contingent on Defendant receiving "properly signed and notarized Borrower Acknowledgement pages for Promissory Note, Partial Claim Mortgage and Modification Agreement with any attachments."[11] Additionally, the Agreement Checklist for Plaintiff's loan modification expressly explains that "[s]ignature(s) must exactly match the names that are printed" and states that, "if any middle initials, suffix, etc. are included in the Signature Pages, it must also be included in the signature."[12] Defendant's reason for denying final approval

---

[9] *Id.*
[10] Def.'s Br. Supp. Mot. Summ. J. 12–13, ECF No. 25.
[11] Def.'s App. Supp. Mot. Summ. J. App. 156, ECF No. 25-2.
[12] *Id.* at App. 169.

of Plaintiff's loan modification was because "it was not properly executed and ha[d] expired."[13] Thus, because Plaintiff's loan modification was contingent on final approval and Plaintiff did not satisfy Defendant's requirements to obtain final approval, there is not a genuine dispute over whether a promise of a loan modification existed.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**SO ORDERED** on this **13th day** of **April, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[13] *Id.* at App. 4.